UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM CHILDS SHIRAH** | **CIVIL ACTION** |
| **VERSUS** | **No. 26-173** |
| **LELAND FALCON, ET AL.** | **SECTION I** |

## ORDER AND REASONS

Before the Court is *pro se* plaintiff William Childs Shirah's ("Shirah") motion[1] for a temporary restraining order ("TRO"). For the following reasons, the Court **DISMISSES WITHOUT PREJUDICE** plaintiff's motion.

### I. BACKGROUND

Shirah alleges that "for approximately eight (8) years" defendant Adam Mayon ("Mayon"), a deputy with the Assumption Parish Sheriff's Office ("APSO"), has "engaged in a continuous campaign of harassment against [him] under color of law."[2] Examples of such alleged harassment by Mayon include, among others: "disseminat[ing] false allegations to [Shirah's] property owner and then-fiance, claiming [Shirah] was a 'needle junkie,' effectively destroying [Shirah's] personal and professional relationships;" a false arrest that resulted from Mayon "fabricat[ing] a felony theft charge involving a 'found phone'" and "falsely claim[ing] a SIM card was removed to create probable cause where none existed;" and Mayon "intentionally" turning his bodycam off "to hide verbal abuse and misconduct."[3]

---

[1] R. Doc. No. 2.
[2] R. Doc. No. 1, at 1.
[3] *Id.*

Shirah brings this action pursuant to 42 U.S.C. § 1983 for violations of the First, Fourth, and Fourteenth Amendments to the U.S. Constitution[4] against both Mayon and defendant Leland Falcon ("Falcon") (collectively, "defendants"). Shirah alleges that Falcon is the Sheriff of Assumption Parish and the "final decisionmaker for the Department."[5] He asks this Court to: "issue a declaratory judgment that defendants' actions violated the Constitution; award compensatory damages in the amount of $350,000; award punitive damages against defendant Mayon in the amount of $700,000; and order a trial by jury on all issues so triable."[6]

Shirah originally filed this action in the Middle District of Louisiana on January 7, 2026.[7] He filed a motion for a temporary restraining order that same day.[8] On January 27, 2026, this case was transferred to the Eastern District of Louisiana and assigned to the undersigned.[9]

The TRO motion seeks an order that Mayon "remain at least 1,000 feet away from [Shirah's] residence on Mitchy St."[10] In support of the request, Shirah explains that he "is the primary caregiver for Donna Dupre, a 61-year-old stroke survivor" and that, during a recent incident of alleged harassment, Mayon "drove his cruiser slowly by [and] angrily glared at Ms. Dupre, then parked [the] cruiser in middle of road, for

---

[4] *Id.*
[5] *Id.*
[6] *Id.* at 2 (cleaned up).
[7] *See generally id.*
[8] *See* R. Doc. No. 2.
[9] *See* R. Doc. No. 4.
[10] R. Doc. No. 2, at 1.

5–7 minutes continuing his glare[,] causing Ms. Dupre acute fear."[11] The motion represents that without such TRO, Ms. Dupre will "suffer[] severe emotional distress and a direct threat to her medical stability due to the persistent threat of Mayon's presence."[12] The TRO further explains that Shirah attempted to obtain a protective order from the 23rd Judicial District Court of Louisiana, but that "[t]o date, the State Court has failed to process the filing or provide a hearing, necessitating Federal intervention to protect Constitutional liberties and physical safety."[13]

Shirah attached three affidavits to his complaint that seem to support his TRO motion. The first is the affidavit of Donna Dupre confirming that she depends on Shirah for her "daily care, safety, and medical assistance," that she observed Mayon glaring at her from the roadway while she was in her home, and stating that "[b]ecause of Defendant Mayon's history of erratic behavior, including his previous entry into my home with a taser drawn, and the fabricated arrest of my caregiver, I live in constant fear of law enforcement appearing at my property."[14]

The second is the affidavit of plaintiff Shirah reiterating some of the allegations of his complaint.[15] The third is the affidavit of Cary Breaux who represents to be "a resident of Assumption Parish" having "personal knowledge of the conduct of Defendant Adam Mayon," including, having "personally witnessed

---

[11] *Id.*
[12] *Id.*
[13] *Id.*; *see also* R. Doc. No. 1-5–1-8.
[14] R. Doc. No. 1-1, at 1.
[15] *See* R. Doc. No. 1-2.

3

Defendant Mayon utilize his service weapon and the 'Color of Law' to coerce and intimidate civilians without legal justification."[16]

There is no evidence of service in the record of the complaint or the TRO motion on either defendant.

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 65(b) explains that "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:"

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

"The Rule 65(b)(1) criteria are strict requirements, not mere technicalities, that establish minimum due process." *Cajun Servs. Unlimited, LLC v. Benton Energy Serv. Co.*, No. 17-491, 2020 WL 10486334, at *3 (E.D. La. Oct. 16, 2020) (Ashe, J.) (internal modifications omitted).

With respect to notice, "[t]he normal circumstances for which a district court is justified in proceeding ex parte is where notice to the adverse party is impossible, or in cases where the adverse party is unknown or is unable to be found." *Evans v. Select Jan. Six Comm.*, No. 22-682, 2022 WL 17724137, at *4 (E.D. Tex. Dec. 15, 2022). The moving party must make "a clear showing that immediate and irreparable

---

[16] R. Doc. No. 1-3.

4

injury will result *before* the adverse party can be heard" for the court to issue a TRO *ex parte*. *CompuCom Sys., Inc. v. WJ Glob., LLC*, No. 14-3625, 2014 WL 5032747, at *2 (N.D. Tex. Oct. 8, 2014).

A plaintiff proceeding *pro se* must "still demonstrate facts that would entitle him to the relief requested," including *ex parte* injunctive relief. *See Martono-Chai v. Williams*, No. 25-578, 2025 WL 974251, at *1 (E.D. La. Apr. 1, 2025) (Barbier, J.); *see also Hampton v. First Guar. Mortg. Corp.*, No. 16-632, 2016 WL 5796886, at *1 (M.D. La. Sept. 30, 2016) ("[W]hile the Court is aware that the Plaintiff is proceeding pro se, she has failed to certify in writing any efforts made to give notice to the Defendants, nor has she stated the reasons why notice should not be required.").

### III. ANALYSIS

Although the three affidavits Shirah filed with his complaint in support his motion for TRO[17] might satisfy the first requirement of Rule 65(b), Shirah has failed to satisfy the notice requirement and, therefore, the Court cannot issue the *ex parte* TRO he seeks.

Even if the Court were to consider the allegations in the affidavits and complaint, Shirah makes no effort to establish that irreparable harm will result *before* defendants are given an opportunity to respond. *See Cajun Servs. Unlimited, LLC v. Benton Energy Serv. Co.*, No. 17-491, 2020 WL 10486334, at *5 (E.D. La. Oct. 16, 2020) ("Plaintiffs have not begun to carry their heightened burden under Rule 65(b)(1)(A) of showing that immediate and irreparable injury 'will result' in the short

---

[17] *See* R. Doc. Nos. 1-1–1-3.

period needed for [the defendant] to respond."); *see also Stone Metals Am.,* LLC, 2020 WL 570906, at *2 ("For all of his statements claiming irreparable harm resulting from both Defendants' actions, [the] declaration is missing the key requirement: 'specific facts . . . [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before the adverse party can be heard in opposition.*'" (emphasis in original)).

Shirah's filings also have not certified that he has made any effort to notify defendant of the motion for TRO, nor has he explained why he should not be required to provide notice to defendant of the same. *See Silver v. Off. of Att'y Gen.,* No. 24-1298, 2025 WL 890734, at *1 (W.D. Tex. Mar. 10, 2025), *appeal dismissed*, No. 25-50350, 2025 WL 3079092 (5th Cir. June 4, 2025) (denying plaintiff's request for *ex parte* relief because plaintiff had not "certif[ied] in writing any efforts made to give notice to Defendants or why notice should not be required."). No summons have been issued as to defendants and no proof of service has been filed in the record.

A plaintiff's "noncompliance with Rule 65, alone, is sufficient for the Court to deny the motion." *Howell v. Lake Villas No. 2 Homeowners Ass'n*, No. 18-14332, 2019 WL 95472, at *1 (E.D. La. Jan. 3, 2019) (Africk, J.); *Goodson v. City of Dallas*, No. 25-816, 2025 WL 1373737, at *2 (N.D. Tex. Apr. 7, 2025), *report and recommendation adopted*, No. 3:25-816, 2025 WL 1333657 (N.D. Tex. May 7, 2025) ("[Plaintiff's] failure to satisfy Rule 65(b)(1)'s requirements, standing alone, is a sufficient basis to deny his request for a TRO."); *see also St. v. Christ*, No. 25-01882, 2025 WL 3623319, at *1 (W.D. La. Dec. 12, 2025) (denying the *pro se* plaintiff's request for *ex parte* TRO to

6

enjoin the defendant deputy from "coming within 100 feet of [the plaintiff's] home" because the plaintiff "ha[d] not served the Defendants" and could not satisfy either requirement of Rule 65(b)(1)).

## IV.   IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that plaintiff's *ex parte* motion[18] for a temporary restraining order is **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana, January 29, 2026.

                                          **LANCE M. AFRICK**
                              **UNITED STATES DISTRICT JUDGE**

---

[18] R. Doc. No. 2.