UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WILLIAMS CHILDS SHIRAH | * | CIVIL ACTION |
| VERSUS | * | NO. 26-173 |
| LELAND FALCON, ET AL. | * | SECTION "I" (2) |

### ORDER AND REASONS

Pending before me is Plaintiff Williams Childs Shirah's Motion for Service by United States Marshal. ECF No. 10. Having considered the record, the submissions and arguments of Plaintiff, and the applicable law, Plaintiff's Motion is DENIED WITHOUT PREJUDICE for the reasons stated herein.

I.  **BACKGROUND**

Plaintiff Williams Childs Shirah filed this action pursuant to 42 U.S.C. § 1983 for violations of the First, Fourth, and Fourteenth Amendments to the U.S. Constitution against Defendants Assumption Parish Sheriff Deputy Adam Mayon and Assumption Parish Sheriff Leland Falcon. ECF No. 1. The record reflects that Plaintiff paid the $405 filing fee and thus is not proceeding *in forma pauperis*. Although Plaintiff's motion indicates that he is contemporaneously filing a request to proceed *in forma pauperis*, that request has been marked deficient for failure to provide the necessary information. ECF No. 9.

II. **APPLICABLE LAW AND ANALYSIS**

Rule 4(c)(3) of the Federal Rules of Civil Procedure provides that a court must order the United States Marshal Service ("USMS") to serve a civil complaint if, among other things, a plaintiff has been authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. But if a plaintiff has not been authorized to proceed *in forma pauperis*, the court is not required to order

1

the USMS to serve the summons and complaint. *See* FED. R. CIV. P. 4(c)(3). Rather, the court has the discretion to, and "may," order service by the USMS, at the plaintiff's request. *Id.*

Congress amended Rule 4 in 1983 "to relieve [the USMS] of the burden of serving summonses and complaints in private civil actions."[1] For that reason, courts should not order service by the USMS unless absolutely necessary, and then only after plaintiff first exhausts service by private means.[2]

Plaintiff requests service by USMS for financial reasons. ECF No. 10 at 1. However, even when USMS service is ordered, when the plaintiff is not authorized to proceed *in forma pauperis*, the plaintiff remains responsible to pay the USMS's fees to effect service.[3] Moreover, contrary to Plaintiff's assertion, Rule 4 does not require him to pay a private process server to serve Defendants. Rather, service may be effected by anyone at least 18 years old and not a party to the suit. FED. R. CIV. P. 4(c)(2). Further, in lieu of formal service, pursuant to Rule 4(d), Plaintiff may seek to obtain a waiver. Specifically, Rule 4(d) provides that a party subject to service and that receives notice of the action in the manner provided in Rule 4(d) has a duty to avoid unnecessary costs of serving the summons. *See* FED. R. CIV. P. 4(d)(2). Any defendant who, absent good cause, fails to comply with a request for waiver is subject to imposition of costs subsequently incurred to effect service. *Id.*

The request for waiver must include a copy of the complaint; two copies of a waiver form; and a self-addressed, postage pre-paid envelope to return the waiver. FED. R. CIV. P. 4(d)(1)(C). A summons is not required. *Id.* Attached to this Order is a blank WAIVER OF THE SERVICE

---

[1] *Lovelace v. Acme Mkts., Inc.*, 820 F.2d 81, 83 (3d Cir. 1987) (quoting 128 CONG. REC. H9848–49 (daily ed. Dec. 15, 1982)); *see also Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991) (noting that the legislative history of Rule 4 shows congressional intent "to relieve the marshal of the duty of routine[ ] servi[ce]" in private civil actions); *see also Suarez v. Walker*, No. 23-2806, 2024 WL 4193963, *2-3 (N.D. Tex. Aug. 16, 2024).
[2] *See Suarez*, 2024 WL 4193963, at *2-3 (citations omitted).
[3] *See, e.g.*, *Hernandez v. United States*, No. 23-362, 2023 WL 9317428 (S.D. Tex. Dec. 20, 2023) (citing *Williams v. Lane*, 2014 WL 2559197, at *2 (N.D.N.Y. June 6, 2014); 28 U.S.C. § 1921(a)(1)(A); 28 C.F.R. § 0.114).

OF SUMMONS Form (AO399) and a blank NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS Form (AO398).  Plaintiff may complete the sections of the forms that pertain to him, and then send one copy of Form AO398 and two copies of Form AO399 to each defendant, together with a copy of the complaint.  Plaintiff must promptly file with the Clerk of Court any waiver of service that he receives from a defendant. *See generally* FED. R. CIV. P. 4(d)(4).

Should Plaintiff be authorized to proceed *in forma pauperis*, he may at that time request service by the USMS.  Of course, even if the USMS becomes responsible to effect service, the obligation to locate defendants' addresses and provide same to the court for issuance of the summons remains with plaintiff.[4]  And once a plaintiff has been notified that service attempts have been unsuccessful, the plaintiff must present a new or updated address for service.[5]

### III.    CONCLUSION

Unless Plaintiff is authorized to proceed *in forma pauperis*, he is not entitled to have the USMS serve the summons and complaint in this case.  Although the Court has the discretion to require the USMS serve summons, Plaintiff's request that the USMS serve defendants is not warranted at this  time.  Plaintiff mistakenly assumes he would not be obligated to pay the USMS fees for service and overlooks other alternatives available to him.

---

[4] *See* ECF Nos. 9-2; 9-3; *see also Wright v. TDCJ-CID Dir.*, No. 21-280, 2023 WL 3589777, at *2 (E.D. Tex. Mar. 21, 2023) (noting that plaintiff retains the obligation to find and provide the court with the proper address for service), *R.&R. adopted*, 2023 WL 3586416 (E.D. Tex. May 22, 2023); *Clark v. ASC Mortg.*, No. 14-4236. 2015 WL 3632562, at *1 (N.D. Tex. June 10, 2015) (quoting *Shelton v. Mich. Turkey Producers Co-op., Inc.*, No. 13-441, 2014 WL 4388366, at *6 (W.D. Mich. Sept. 5, 2014) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996))); *Boyer v. Taylor*, No. 06-694, 2009 WL 2338173, at *11 (D. Del. July 30, 2009) ("[A] district court has no duty to assist a plaintiff in locating a defendant's address for the purpose of service of process." (citing *Barmes v. Nolan*, 123 F. App'x 238, 249 (7th Cir. 2005))).

[5] *Wright*, 2023 WL 3589777, at *2 (quoting *Kaufman v. Corizon Health*, No. 12-10162, 2012 WL 5830229, *1 (E.D. Mich. 2012); *see also Hall v. Tilton*, No. 07-3233, 2008 WL 4614520, *2 (N.D. Cal. 2008) (noting that, if the USM is unable to effectuate service through no fault of his own, e.g., because plaintiff failed to provide sufficient information or the defendant is not where plaintiff claims, and plaintiff is informed, plaintiff must seek to remedy the situation or face dismissal).

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff Williams Childs Shirah's Motion for Service by the U.S. Marshal (ECF No. 10) is DENIED WITHOUT PREJUDICE.

New Orleans, Louisiana, this __27th__ day of February, 2026.

                                                            DONNA PHILLIPS CURRAULT
                                                           UNITED STATES MAGISTRATE JUDGE