UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WILLIAM CHILDS SHIRAH | * | CIVIL ACTION |
| VERSUS | * | NO. 26-173 |
| LELAND FALCON, ET AL. | * | SECTION "N" (2) |

**REPORT AND RECOMMENDATION**

Plaintiff William Childs Shirah filed a two-page Complaint in the Middle District of Louisiana on January 7, 2026. ECF No. 1. After transfer, he filed an *Ex Parte* Motion for Leave to Proceed *in forma pauperis* on March 18, 2026. ECF Nos. 3-4, 15. On March 30, 2026, I granted Plaintiff's motion to proceed *in forma pauperis* and, consistent with the duties imposed by 28 U.S.C. § 1915(a) and (e)(2)(B), ordered summons not be issued until completion of the statutorily mandated review. ECF No. 16. This Order also required Plaintiff to file a written response setting forth the specific facts upon which he relies to establish the bases for his claims, in accordance with § 1915(e)(2). *Id.* at 14. On April 13, 2026, Plaintiff filed a response. ECF No. 18.

The matter was referred to the undersigned United States Magistrate Judge to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B), including frivolousness review under 28 U.S.C. § 1915, in accordance with Local Rule 72.1.

## I. THE COMPLAINT AND RESPONSE/AMENDED COMPLAINT

Plaintiff William Childs Shirah asserts claims under 42 U.S.C. § 1983 for violations of the First, Fourth, and Fourteenth Amendments to the U.S. Constitution against two Defendants, Assumption Parish Deputy Adam Mayon in his official and personal capacities and Assumption Parish Sheriff Leland Falcon in his official capacity. ECF No. 1. Among other things, Plaintiff

alleges that, in October 2025, Deputy Mayon falsely arrested and imprisoned him for felony theft of a phone's SIM card based on fabricated evidence, detaining him for 23 days. *Id.* ¶¶ 10-11, 14.

In Plaintiff's response to the show cause order,[1] Plaintiff sought leave to amend "to narrow [the] claims as specified." ECF No. 18 at 3. The Court treats the response as an amendment to his Complaint filed pursuant to Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure.[2] In responding to the Court's discussion of *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Wallace v. Kato*, 549 U.S. 384 (2007) (*see* ECF No. 16 at 7-9), Plaintiff concedes that his October 2025 arrest resulted in a March 31, 2026, conviction for misdemeanor theft. ECF No. 18 at 1-2.

Plaintiff's amendment via his response incorporates by reference his false arrest and imprisonment claims and related allegations against Deputy Mayon,[3] whom Plaintiff now sues in his personal capacity only. ECF No. 18 at 1-2. He also asserts an excessive force claim and another false arrest claim arising on a different date against Deputy Mayon. *See id.* at 2-3. Specifically, Plaintiff asserts that, on January 18, 2025, Deputy Mayon "illegally detained" him for "non-existent" theft and searched the vessel while Plaintiff retrieved gasoline for his boat. *Id.* at 2. Plaintiff alleges that Deputy Mayon drew his taser and threatened to fire it at Plaintiff and later handcuffed him and denied him dry clothing. *Id.* at 2. Plaintiff alleges that, while two charges were filed against him relating to the January 2025 incident, the charges were "favorably terminated in February 2025," with one dismissed and the other resolved by payment. *Id.*

---

[1] The Court ordered Plaintiff to provide a more definite statement setting forth the facts upon which he relies to support his causes of action. ECF No. 16 at 14. Because the Response amplifies the original allegations, it is "part of th[e] complaint." *See Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976) (brackets added) (finding *in forma pauperis* plaintiff's answers to a court-ordered questionnaire "an integral part of th[e] complaint" and not "an additional pleading" in violation of Rule 7(a)).

[2] *See also Prince v. Curry*, 423 F. App'x 447, 451 n.4 (5th Cir. 2011).

[3] *See New Orleans Ass'n of Cemetery Tour Guides & Cos. v. New Orleans Archdiocesan Cemeteries*, 56 F.4th 1026, 1033 (5th Cir. 2023) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." (quoting *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam))).

Plaintiff also asserts a First Amendment retaliation claim against Deputy Mayon based on a November 22, 2025, visit to Plaintiff's home. *Id.* Plaintiff alleges Deputy Mayon parked outside the residence for less than 10 minutes and stared at Ms. Dupre (his dependent),[4] in retaliation for Plaintiff "seeking evidence for litigation" via public records requests for "911 recordings documenting prior incidents" involving Deputy Mayon. *Id.* Plaintiff also asserts an unreasonable search claim (described as a "pattern") based on Deputy Mayon's nonconsensual search of his vehicle sometime between 2020 and 2021. *Id.* at 3.

As to Sheriff Falcon, Plaintiff sues him in his official capacity for injunctive and declaratory relief. *Id.* at 1. He alleges that he filed two complaints with the Assumption Parish Sheriff's Office concerning Deputy Mayon's "pattern of intimidation, excessive force, and unlawful conduct," yet Sheriff Falcon "failed to investigate, discipline, or intervene . . . , demonstrating deliberate indifference to a custom of unconstitutional conduct." *Id.* Plaintiff asserts Sheriff Falcon's indifference is further demonstrated by Sheriff Falcon's rehiring Deputy Mayon after his termination by the preceding sheriff. *Id.*

## II. APPLICABLE LAW

### A. Statutorily Mandated Review

Section 1915(e)(2)(B) grants the court authority to summarily dismiss *in forma pauperis* complaints if the asserted claims are frivolous or malicious or fail to state a claim upon which relief may be granted.[5] Indeed, the statute specifically mandates that the court "*sua sponte* dismiss [the case] at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune."[6]

[4] *See* ECF No. 1.
[5] *Tam Vo v. St. Charles Par.*, No. 10-4624, 2011 WL 743466, at *1-2 (E.D. La. Feb. 3, 2011), *R.&R. adopted sub nom.*, *Vo v. St. Charles Par.*, No. 10-4264, 2011 WL 740909 (E.D. La. Feb. 22, 2011).
[6] *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018) (emphasis added) (citing § 1915(e)(2)(B)).

This review mandate applies to both prisoner and non-prisoner *in forma pauperis* cases.[7]

A claim is "frivolous where it lacks an arguable basis either in law or in fact."[8] A claim "lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[9] A court may not dismiss a claim simply because the facts are "unlikely."[10] A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them."[11]

A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[12] The Supreme Court clarified the standard for a Rule 12(b)(6) motion in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To avoid dismissal, a complaint must contain sufficient factual matter to state a claim to relief that is *plausible* on its face (i.e., the factual allegations must "be enough to raise a right to relief above the speculative level").[13] If the "facts" alleged are "merely consistent" with those minimally required to establish liability, the complaint "stops short of the line between

[7] *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs."); *see also Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (applying § 1915(e)(2)(B) to a non-prisoner whose complaint was frivolous).
[8] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[9] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).
[10] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).
[11] *Id.* (quoting *Denton*, 504 U.S. at 32-33).
[12] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[13] *Twombly*, 550 U.S. at 555, 570.

possibility and plausibility."[14] "Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim."[15]

Although the court must accept all well-pleaded facts as true and consider the complaint in the light most favorable to the plaintiff, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[16] The court may consider not only the allegations but also any documents attached to the complaint, referenced documents that are central to the claim, and documents that are part of the public record or subject to judicial notice.[17]

In comparing a dismissal for failure to state a claim under § 1915(e) and Rule 12(b)(6), the Supreme Court in *Neitzke v. Williams*, 490 U.S. 319 (1989), held that a claim that is dismissed under one rule does not "invariably fall afoul" of the other.[18] If an *in forma pauperis* complaint lacks even an arguable basis in law, dismissal is appropriate under both Rule 12(b)(6) and § 1915(e).[19] "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under [§ 1915(e)'s] frivolousness standard is not."[20]

**B. <u>Pleading Standard</u>**

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint set forth "sufficient

---

[14] *Iqbal*, 556 U.S. at 678.
[15] *Roy v. Cobb*, No. 20-0167, 2020 WL 2045791, at *2 (W.D. La. April 7, 2020) (citing *Twombly*, 550 U.S. at 556).
[16] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (citation omitted); *see also SGK Props., L.L.C. v. U.S. Bank Nat'l Ass'n for Lehman Bros. Small Balance Com. Mortg. Pass-Through Certificates, Series 2007-3*, 881 F.3d 933, 943-44 (5th Cir. 2018) (holding conclusory fraud allegations that the defendant intended plaintiff to act upon representations and plaintiff acted in reliance on representations insufficient to withstand Rule 12(b)(6) challenge).
[17] *See, e.g.*, *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (stating that a court may rely on the complaint, its proper attachments, documents incorporated by reference, and matters of judicial notice).
[18] *Moore*, 976 F.2d at 269 (quoting *Neitzke*, 490 U.S. at 326) (citing 28 U.S.C. § 1915(d)) (current version at 28 U.S.C. § 1915(e)).
[19] *Id.*
[20] *Id.*

facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them."[21] While Rule 8's pleading standard does not require "detailed factual allegations," it does demand more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[22] Recognizing that documents filed *pro se* are "liberally construed,"[23] even *pro se* litigants must satisfy Rule 8 to convince the court that plaintiff has a colorable claim.[24]

### C. Availability of Amendment

Claims filed by a *pro se* litigant that fail to state grounds upon which relief can be granted should generally be dismissed without prejudice, unless the plaintiff has been given adequate opportunity to cure the deficiencies or if the pleadings demonstrate the plaintiff has pleaded his best case:[25]

> Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon. These procedures alert him to the legal theory underlying the defendant's challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid legal cause of action.[26]

Unless it is clear that a plaintiff is unwilling or unable to amend in a manner that will avoid dismissal, the court errs in not providing a *pro se* plaintiff with at least one opportunity to cure pleading deficiencies before dismissing.[27] When, however, the "complaint alleges the plaintiff's

---

[21] *Kinchen v. Sharp*, No. 11-1040, 2012 WL 700920, at *2 (E.D. La. Feb. 10, 2012) (quoting *Bremer v. Hous. Auth. of New Orleans*, No. 98-2735, 1999 WL 298795, at *1 (E.D. La. May 12, 1999)), *R.&R. adopted*, 2012 WL 700265 (E.D. La. Feb. 29, 2012).
[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).
[23] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 98, 106 (1976)).
[24] *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 678 (5th Cir. 1988) (noting that, although *pro se* pleadings are treated more liberally, sufficient facts must be alleged to establish a colorable claim; conclusory allegations do not suffice).
[25] *James v. Smith*, 152 F.4th 594, 610 (5th Cir. 2025) (citing *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 423 (5th Cir. 2017) (per curiam) (citations omitted)); *Ricks v. Khan,* 135 F.4th 296, 300 (5th Cir. 2025).
[26] *Neitzke*, 490 U.S. at 329-30.
[27] *Dierlam v. Trump*, 977 F.3d 471, 478 n.44 (5th Cir. 2020) (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co*., 313 F.3d 305, 329 (5th Cir. 2002)); *see also Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011) (cleaned up); *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020).

best case," a further factual statement from the plaintiff need not be allowed.[28] Frivolous claims, however, are generally dismissed with prejudice and without leave to amend because the plaintiff cannot cure the frivolity.[29]

**D. <u>Claims Under § 1983</u>**

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .[30]

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of federally guaranteed rights and to provide relief to victims if such deterrence fails."[31]

Generally, a plaintiff must satisfy three elements to establish § 1983 liability:

(1) deprivation of a right secured by the U.S. Constitution or federal law;
(2) that occurred under color of state law; and
(3) was caused by a state actor.[32]

Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability."[33] This requires the plaintiff to identify both the constitutional violation and the responsible person

[28] *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (citation omitted).
[29] *See Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997) (en banc).
[30] 42 U.S.C. § 1983.
[31] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)).
[32] *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (citation omitted).
[33] *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citation omitted).

acting under color of state law.[34] Plaintiff must specify the personal involvement of each defendant in a cause of action under § 1983.[35]

Section 1983 claims may be brought against an officer in his personal or official capacity or against a governmental entity, such as a municipality.[36] An officer's performance of his "official duties creates two potential liabilities," personal-capacity liability for him and official-capacity liability for the governmental entity that employs him.[37] Personal-capacity suits "seek to impose individual liability upon a government officer for actions taken under color of state law."[38] In other words, a victory in a personal-capacity suit is against the individual defendant and not the entity that employs him; there is no imposition of liability on the latter.[39] "To establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right."[40] Official-capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent.[41] Because the governmental entity is the real party in interest, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."[42] Thus, "a plaintiff seeking to recover a damages judgment in an official-capacity suit must look to the government entity itself."[43]

A municipality cannot, however, be held liable in a § 1983 action solely because it employs the defendant officer.[44] Liability premised on *respondeat superior* has no basis in the plain

---

[34] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).
[35] *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).
[36] *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009) (citing *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997)).
[37] *Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 484 (5th Cir. 2000).
[38] *Hafer v. Melo*, 502 U.S. 21, 25 (1991).
[39] *Kentucky v. Graham,* 473 U.S. 159, 167-68 (1985).
[40] *Hafer*, 502 U.S. at 25 (citation modified) (quoting *Graham*, 473 U.S. at 166).
[41] *Id.* (quoting *Graham,* 473 U.S. at 165 (quoting *Monell*, 436 U.S. at 690 n.55)).
[42] *Graham,* 473 U.S. at 165 (citing *Brandon v. Holt,* 469 U.S. 464, 471-72 (1985)).
[43] *Id.* at 166.
[44] *E.g.*, *Monell*, 436 U.S. at 691.

meaning of § 1983's text.[45] Rather, § 1983 requires "the municipality *itself* cause[ ] the constitutional violation at issue" through the "execution of the government's policy or custom" to be found liable for the officer's misconduct.[46] Thus, a plaintiff must allege the municipality caused the constitutional violation through its policies or customs (a *Monell* claim),[47] and he may obtain both monetary and equitable relief.[48] The three "essential elements" of a *Monell* claim are:[49] (1) an official policy; (2) an official policymaker that can be charged with actual or constructive knowledge of same; and (3) a violation of a constitutional right whose "moving force" is the policy.[50]

A plaintiff may establish an "official policy" in three ways,[51] two of which are relevant. First, "a plaintiff can show a widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy."[52] This practice must be "so persistent and widespread as to practically have the force of law."[53] There must be a "pattern" of conduct by the municipality's employees that has occurred for so long or so frequently that the course of conduct warrants the attribution to the municipality of knowledge that the objectionable conduct

---

[45] *Jason v. Parish of Plaquemines*, No. 16-2728, 2017 WL 1045946, at *4 (E.D. La. Mar. 16. 2017) (Vance, J.) (citing *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002)); *Verastique v. City of Dallas*, 106 F.4th 427, 435-36 (5th Cir. 2024) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Brown*, 520 U.S. at 403)); *Brown*, 520 U.S. at 403 ("We . . . recognized [in *Monell*] that a municipality may not be held liable under § 1983 solely because it employs a tortfeasor. Our conclusion rested partly on the language of § 1983 itself.").
[46] *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (citations omitted); *see also Kohler v. Englade*, 470 F.3d 1104, 1115 (5th Cir. 2006) (citing *Monell*, 436 U.S. at 690-91).
[47] *Kohler*, 470 F.3d at 1115 (citing *Monell*, 436 U.S. at 690-91).
[48] *Los Angeles County v. Humphries*, 562 U.S. 29, 37 (2010) ("Nothing in the text of § 1983 suggests that the causation requirement contained in the statute should change with the form of relief sought. . . . [A]s *Monell* explicitly stated, 'local governing bodies . . . can be sued directly under § 1983 for monetary, *declaratory, or injunctive relief* where, as here, the action that is alleged to be unconstitutional implements or executes' a policy or custom." (citation modified) (quoting *Monell*, 436 U.S. at 690)).
[49] *Alvarez v. City of Brownsville*, 904 F.3d 382, 389 (5th Cir. 2018) (en banc); *Piotrowski*, 237 F.3d at 578.
[50] *Id.* (quoting *Piotrowski*, 237 F.3d at 578); *Pineda*, 291 F.3d at 328.
[51] *Est. of Coates v. Hawthorne*, No. 24-40561, 2025 WL 2794278, at *6 (5th Cir. Oct. 1 2025) (per curiam).
[52] *Id.* (citation modified) (quoting *Alvarez*, 904 F.3d at 390).
[53] *Verastique*, 106 F.4th at 432 (quoting *Johnson v. Harris County*, 83 F.4th 941, 946 (5th Cir. 2023)); *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

is the expected, accepted practice of its employees.[54] A pattern requires "sufficiently numerous prior incidents," as opposed to "isolated instances,"[55] thus the plaintiff must demonstrate "a pattern of abuses that transcends the error made in a single case."[56] A pattern also requires "similarity and specificity; 'prior indications cannot simply be for any and all bad or unwise acts, but rather must point to the specific violation in question.'"[57] The plaintiff's description of the challenge practice "cannot be conclusory"; it must contain similar and specific facts.[58]

Second, a policymaker's "single decision . . . may, under certain circumstances, constitute a policy for which a municipality may be liable."[59] That is "rare,"[60] however, because the risk of municipal liability collapsing into vicarious liability is "high" when it is premised on a single decision.[61] Nonetheless, municipal liability may hinge on a single decision if "undertaken by the municipal official or entity possessing final policymaking authority for the action in question."[62]

To establish the "moving force" element, a plaintiff must show either that the official policy itself is facially unconstitutional or, if not, that it was adopted with "deliberate indifference" to the

[54] *Peterson v. City of Fort Worth*, 588 F.3d 838, 850 (5th Cir. 2009) (quoting *Webster v. City of Houston,* 735 F.2d 838, 842 (5th Cir. 1984) (en banc)).
[55] *Id.* at 851 (quoting *McConney v. City of Houston,* 863 F.2d 1180, 1184 (5th Cir. 1989)).
[56] *Id.* at 850-51 (quoting *Piotrowski*, 237 F.3d at 582); *accord. Johnson*, 83 F.4th at 946 ("A plaintiff must do more than describe the incident that gave rise to his injury." (citation modified) (quoting *Pena v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018))).
[57] *Peterson*, 588 F.3d at 851 (citation modified) (quoting *Est. of Davis ex rel. McCully v. City of North Richland Hills,* 406 F.3d 375, 383 (5th Cir. 2005)); *accord. Johnson*, 83 F.4th at 946-47 (citations omitted).
[58] *Johnson*, 83 F.4th at 946 (quoting *Pena*, 879 F.3d at 622).
[59] *Valle v. City of Houston*, 613 F.3d 536, 542 (5th Cir. 2010) (citation modified) (quoting *Brown v. Bryan County,* 219 F.3d 450, 462 (5th Cir. 2000)).
[60] *Webb v. Town of Saint Joseph*, 925 F.3d 209, 215 (5th Cir. 2019) (quoting *Davidson v. City of Stafford*, 848 F.3d 384, 395 (5th Cir. 2017)).
[61] *See Brown*, 520 U.S. at 408-09; *see also Pineda*, 291 F.3d at 334-35 ("Charged to administer a regime without *respondeat superior,* we necessarily have been wary of finding municipal liability on the basis of [single incident] exception . . . .").
[62] *Davidson*, 848 F.3d at 395 (citation modified) (quoting *Howell v. Town of Ball*, 827 F.3d 515, 527 (5th Cir. 2016)); *see Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986) ("[I]t's plain that municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances. No one has ever doubted, for instance, that a municipality may be liable under § 1983 for a single decision by its properly constituted legislative body—whether or not that body had taken similar action in the past or intended to do so in the future—because even a single decision by such a body unquestionably constitutes an act of official government policy.").

known or obvious fact that a specific constitutional violation would follow.[63] Under the latter framework, the plaintiff must prove there is a "causal link" between the policy and his harm and that the municipal action was taken with the "requisite degree of culpability," that is, a complete disregard of "the risk that a violation of a particular constitutional . . . right would follow the decision."[64] Deliberate indifference is a high standard—"a showing of simple or even heightened negligence will not suffice."[65]

Deliberate indifference generally requires a demonstration of a sufficient pattern of constitutional violations like that required to establish a widespread practice.[66] Accordingly, it is difficult for a plaintiff to show same for a *Monell* claim based on a single decision because "repetition may be the only thing that puts a policymaker on 'sufficient notice' that a constitutional violation may" result from that decision.[67] "To base deliberate indifference on a single incident, 'it should have been apparent to the policymaker that a constitutional violation was the highly predictable consequence of a particular policy.'"[68]

**E. *Heck v. Humphrey***

In *Heck*, the Supreme Court held that a § 1983 claim seeking damages or release from custody is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or plaintiff's present confinement.[69] *Heck*'s "favorable-termination" requirement[70] thus precludes a § 1983 claim seeking relief that would render a conviction or

---

[63] *Liggins v. Duncanville*, 52 F.4th 953, 955 (5th Cir. 2022) (quoting *Webb*, 925 F.3d at 219); *Edwards v. City of Balch Springs*, 70 F.4th 302, 308 (5th Cir. 2023) (citing cases).
[64] *Liggins*, 52 F.4th at 955 (quoting *Brown*, 520 U.S. at 404, 411).
[65] *Valle*, 613 F.3d at 542 (quoting *Piotrowski*, 237 F.3d at 579 (quoting *Brown*, 520 U.S. at 407)).
[66] *See Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003); *see also Liggins*, 956 F.4th at 956.
[67] *Liggins*, 52 F.4th at 956 (quoting *Bryan County*, 219 F.3d at 460).
[68] *Alvarez*, 904 F.3d at 390 (quoting *Burge*, 336 F.3d at 373).
[69] 512 U.S. at 486-87; *see also Olivier v. City of Brandon*, 607 U.S. 552, 555 (2026) ("*Heck* prohibits the use of § 1983 to challenge the validity of a prior conviction or sentence so as to obtain release from custody or monetary damages.").
[70] *Johnson v. Thibodaux City*, 887 F.3d 726, 732 (5th Cir. 2018).

sentence invalid unless the conviction or sentence has been reversed, expunged, declared invalid or called into question by issuance of a writ of habeas corpus.[71] This requirement applies "regardless of whether [the plaintiff] was, is, or never could be in custody."[72]

Assessment of a *Heck* bar thus requires an analytical and fact-intensive analysis as to whether the factual basis of the conviction is temporally and conceptually distinct from the claim being brought.[73] The court must determine whether success on the claim requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction.[74]

## III. <u>ANALYSIS</u>

### A. <u>Deputy Mayon</u>

#### 1. First Amendment Retaliation

The First Amendment prohibits adverse government action against an individual because of the exercise of his First Amendment rights.[75] This prevents the government from imposing serious penalties against someone to stymie or inhibit his exercise of rights in the future.[76] To state a First Amendment retaliation claim, a plaintiff must plausibly allege that: (1) he was engaged in a constitutionally protected activity, (2) the defendant's actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the

[71] *Heck*, 512 U.S. at 486-87. *Heck* does not, however, bar a claim for "purely prospective" relief. *Olivier*, 607 U.S. at 555.
[72] *Wilson v. Midland County*, 116 F.4th 384, 396 (5th Cir. 2024) (en banc).
[73] *See, e.g.*, *Clark v. Dep't of Pub. Safety & Corr.*, 141 F.4th 653, 660 (5th Cir. 2025) (quoting *Bush v. Strain*, 513 F.3d 492, 498 (5th Cir. 2008)).
[74] *Aucoin vs. Cupil*, 958 F.3d 379, 382 (5th Cir. 2020) (quoting *Bush*, 513 F.3d at 497).
[75] *Matherne v. Larpenter*, 216 F.3d 1079, 2000 WL 729066, at *3 (5th Cir. 2000) (citing *Pickering v. Bd. of Educ. of Twp. High Sch. Dist. 205*, 391 U.S. 563 (1968); *Colson v. Grohman,* 174 F.3d 498, 508 (5th Cir. 1999)).
[76] *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002) (citing *Colson*, 174 F.3d at 509-10; *Perry v. Sindermann,* 408 U.S. 593, 597 (1972)).

defendant's adverse actions were substantially motivated against the plaintiff's exercise of constitutionally protected conduct.[77]

Plaintiff asserts Deputy Mayon retaliated against him because he submitted public records requests to the Assumption Parish Sheriff's Office seeking "911 recordings documenting prior incidents" involving the deputy. ECF No. 18 at 2. Courts are divided on whether the First Amendment protects the right to request public records,[78] distinguishing between a right of access to government information[79] and a right to *request* government records.[80] I need not resolve that issue, however, because even if the First Amendment protects requesting public records, Plaintiff fails to allege facts that plausibly establish the second element (i.e., that his exercise of constitutionally-protected conduct has been curtailed[81]). Plaintiff alleges no effect on *his*

[77] *Reitz v. Woods*, 85 F.4th 780, 789 (5th Cir. 2023) (quoting *Keenan*, 290 F.3d at 258).

[78] For example, compare *Entler v. McKenna*, No. 11-5081, 2011 WL 4368367, at *4 (W.D. Wash. July 19, 2011) ("[Plaintiff's] have no First Amendment right to request public records under [Washington's Public Records Act]"); *Brennan v. Aston*, No. 17-1928, 2019 WL 5225047, at *7 (W.D. Wash. Aug. 16, 2019) (agreeing with *Entler*); *Rodriguez v. Serna*, No. 17-1147, 2019 WL 2340958, at *6 (D.N.M. June 3, 2019) ("The Court concludes that requesting public records is not a protected activity under the First Amendment"); *Werner v. Therien*, No. 99-12497, 2005 WL 1000010, at *8 (D. Mass. Mar. 31, 2005); *Allen v. Lang*, 738 F. App'x 934, 938-39 (10th Cir. 2018) (finding request for disclosure of public records not protected by the First Amendment), with *DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1289 (11th Cir. 2019) ("[A] citizen's public records requests and lawsuits against the government can clearly constitute protected First Amendment activity."); *Sawicki v. Kipphan*, No. 21-2031, 2024 WL 197637, at *8 (M.D. Pa. Jan. 18, 2024) ("Accordingly, Sawicki requesting records from the Borough office is speech protected by the First Amendment." (relying on *DeMartini*, 942 F.3d at 1288-89))), *aff'd*, No. 24-2033, 2025 WL 1261780 (3d Cir. May 1, 2025); *Handy-Clay v. City of Memphis*, No. 10-2927, 2013 WL 5305239, at *13 (W.D. Tenn. Sept. 19, 2013) (rejecting claim that requesting public records is not a protected activity and collecting cases holding "that the act of requesting public records is a speech act protected by the First Amendment"); *O'Brien v. Welty*, 818 F.3d 920, 933 (9th Cir. 2016) (finding plaintiff "has alleged facts showing that he engaged in speech and conduct protected by the First Amendment . . . . For example, beginning in fall 2010, O'Brien posted on a website his opposition to the student government president and the school administration. He also made several public records requests to Fresno State.").

[79] *See Allen*, 738 F. App'x at 939; *Entler*, 2011 WL 4368367, at *3; *Brennan*, 2019 WL 5225047, at *6; *Rodriguez*, 2019 WL 2340958, at *6; *Werner*, 2005 WL 1000010, at *8. A plurality of the Supreme Court has rejected the assertion that the First Amendment "mandates a right of access to government information." *Houchins v. KQED, Inc.*, 438 U.S. 1, 15 (1978).

[80] *Spithaler v. Smith*, 803 F. App'x 826, 829 (6th Cir. 2020) (citing *DeMartini,* 942 F.3d at 1288-89) (raising the distinction but not resolving the issue); *cf. Nat'l Press Photographers Ass'n v. McCraw*, 90 F.4th 770, 793 (5th Cir. 2024) ("While newsgathering is no doubt critical to a free society, the right to gather news affords no right to compel *others* to supply information." (citing *Houchins*, 438 U.S. at 11)); *Buehler v. City of Austin/Austin Police Dep't*, No. 13-1100, 2014 WL 12776539, at *6 (W.D. Tex. July 24, 2014) ("[A] private individual has the right to receive and gather information on matters of public concern to the same extent that a member of the press would have the right to receive and gather that information." (citing cases)).

[81] *Reitz*, 85 F.4th at 789 (quoting *Kennan*, 290 F.3d at 259).

presumed right to request public records; rather, he alleges that Deputy Mayon stared, and consequently intimidated, his relative. ECF No. 18 at 2. Even if staring at a relative intimidated Plaintiff, that is "too trivial or minor" to be a violation of the First Amendment,[82] as many courts, including the Fifth Circuit, have recognized.[83] This claim should be dismissed with prejudice for failure to state a claim.

**2. Time-Barred § 1983 Claim**

There is no federal statute of limitations for actions brought under § 1983, so federal courts borrow the forum state's limitations period.[84] The statute of limitations for a § 1983 action is a state's general or residual personal injury statute of limitations.[85] In Louisiana, former Article 3492 of Louisiana Civil Code's one-year prescriptive period[86] applies to personal injury claims based on acts that occurred before July 1, 2024.[87] Federal law, however, determines when a cause of action under § 1983 accrues.[88] And "under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."[89] The claim

---

[82] *Keenan*, 290 F.3d at 258.

[83] *See Harmon v. Beaumont Indep. Sch. Dist.*, No. 12-571, 2014 WL 11498077, at *4 (E.D. Tex. Apr. 7, 2014) (finding "ominous staring . . . not the sort of conduct that would chill a person of ordinary firmness." (relying on *Keenan*, 290 F.3d at 258)), *aff'd*, 591 F. App'x 292, 292 (5th Cir. 2015) ("[T]he conduct of Defendants . . . that [Plaintiff] alleged was retaliation did not rise to the level of severity sufficient to chill the speech of a person of 'ordinary firmness' . . . ."); *Doe v. City View Indep. Sch. Dist.*, 736 F. Supp. 3d 458, 467 (N.D. Tex. 2024) (citing *Harmon*, 2014 WL 11498077, at *4); *aff'd sub nom.*, *Doe I v. City View Indep. Sch. Dist.*, 150 F.4th 668 (5th Cir. 2025); *Ogbebor v. Hardy*, No. 24-313, 2025 WL 2046413, at *6 (W.D. La. July 7, 2025) (citing *Harmon*, 2014 WL 11498077, at *4), *R.&R. adopted*, 2025 WL 2046140 (W.D. La. July 21, 2025).

[84] *Owens v. Okure*, 488 U.S. 235, 239, 250-51 (1989).

[85] *Brown v. Pouncy*, 93 F.4th 331, 334 (5th Cir.) (citing *Owens*, 488 U.S. at 236), *cert. denied*, 145 S. Ct. 170 (2024).

[86] In Louisiana, the limitations period is referred to as the "prescriptive period." *Stanley v. Morgan*, 120 F.4th 467, 470 (5th Cir. 2024).

[87] In 2024, the Louisiana Legislature extended Louisiana's one-year statute of limitations, or prescriptive period, for torts to two years. LA. CIV. CODE art. 3493.1. However, this change has "prospective application only" and applies only "to delictual actions arising after the [July 1, 2024] effective date of [Act 423]." 2024 La. Sess. Law Serv. Act 423 (H.B. 315). The former one-year prescriptive period under LA. CIV. CODE art. 3492 remains applicable. *See Allied World Nat'l Assurance Co. v. Nisus Corp.*, 134 F.4th 821, 826 n.3 (5th Cir. 2025) (applying the former Article 3492's one-year prescriptive period to tort claim arising from facts occurring before July 1, 2024).

[88] *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993) (per curiam) (citing *Lavellee v. Listi*, 611 F.2d 1129, 1130 (5th Cir. 1980)).

[89] *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 421 (5th Cir. 2016) (citation modified) (quoting *Gartrell*, 981 F.2d at 257).

thus accrues "when the plaintiff is in possession of the 'critical facts that he has been hurt and who has inflicted the injury.'"[90] This standard applies to unreasonable search claims.[91]

Regardless of the merits of Plaintiff's unreasonable search claim against Deputy Mayon based on the 2020-21 nonconsensual search of his vehicle, the claim is time-barred. Plaintiff alleges that he observed the search between 2020 and 2021, and thus had the critical facts of the incident at that time. *See* ECF No. 18 at 3. Plaintiff did not assert this claim until April 13, 2026. *Id.* As such, this claim has prescribed and should be dismissed with prejudice for being legally frivolous and prescribed on its face.[92]

**3. Claims Based on October 2025 Arrest**

Plaintiff contends Deputy Mayon falsely arrested and imprisoned him for felony theft in October 2025 based on "fabricated evidence." ECF No. 1 ¶¶ 10, 14. He alleges the deputy "falsely claimed a SIM card was removed to create probable cause" when it did not exist to substantiate a "fabricated . . . felony theft charge" and then arrest him, presumably pursuant to a warrant,[93] and because of that "fabricated charge," he was detained for 23 days. ECF No. 1 ¶¶ 10-11, 14. Thus, Plaintiff asserts a Fourth Amendment claim for unreasonable seizure.[94]

---

[90] *Id.* (quoting *Gartrell*, 981 F.2d at 257 (quoting *Lavellee*, 611 F.2d at 1130)).

[91] *See Moore v. McDonald*, 30 F.3d 616, 620-21 (5th Cir. 1994).

[92] *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993) (holding that dismissal with prejudice without leave to amend is proper when claims are subject to an obvious meritorious defense, such as a peremptory time bar), *overruled in part on other grounds*, *Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994); *Pham v. Unidentified DEA Agent*, No. 22-292, 2022 WL 1008239, at *2 (E.D. La. Mar. 14, 2022) (citing *Brown v. Pool*, 79 F. App'x 15, 17 (5th Cir. 2003); *Gonzales v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998); *Payton v. Normand*, No. 21-1325, 2022 WL 412720 (E.D. La. Jan. 21, 2022), *R.&R. adopted,* 2022 WL 393628 (E.D. La. Feb. 9, 2022) (Vance, J.) (dismissing Section 1983 complaint under 28 U.S.C. § 1915(e) as legally frivolous because the claims were time-barred)), *R.&R. adopted,* 2022 WL 1001452 (E.D. La. Apr. 4, 2022).

[93] *See* LA. CODE CRIM. PROC. art. 203(4).

[94] *See Manuel v. City of Joliet*, 580 U.S. 357, 362, 268 (2017) (holding plaintiff alleged Fourth Amendment violations for his arrest and detention by alleging he was arrested "without any reason" and detained for several weeks "based entirely on made-up evidence").

Under the common law, the torts of false arrest and false imprisonment "overlap; the former is a species of the latter."[95] A false imprisonment claim "is based upon 'detention without legal process.'"[96] "An arrest warrant . . . is a way of initiating legal process,"[97] so an unlawful arrest and subsequent imprisonment "pursuant to a warrant" is not detention without legal process that can give rise to the torts of false arrest and false imprisonment.[98] Rather, that scenario describes detention accompanied by "wrongful institution of legal process," which is the basis for the tort of malicious prosecution.[99] Plaintiff's Fourth Amendment claims are analogous to a common law malicious prosecution claim,[100] and he may assert a malicious prosecution claim based on violation of the Fourth Amendment under § 1983.[101] Thus, the Court treats his false arrest and false imprisonment claims based on the October 2025 arrest and subsequent imprisonment as § 1983 malicious prosecution claims.

To state a § 1983 malicious prosecution claim, a plaintiff must plausibly allege:

> (1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) malice; and (6) damages.[102]

---

[95] *Wallace*, 549 U.S. at 388; *see Whirl v. Kern*, 407 F.2d 781, 790 (5th Cir. 1968).

[96] *Winfrey v. Rogers*, 901 F.3d 483, 492 (5th Cir. 2018) (quoting *Wallace*, 549 U.S. at 389). In *Wallace*, the Supreme Court reviewed common law false arrest and false imprisonment claims "together as false imprisonment." 549 U.S. at 389.

[97] *Manuel*, 580 U.S. at 367 n.6.

[98] *Winfrey*, 901 F.3d at 493 (emphasis in original).

[99] *Id.* at 492 (emphasis in original) (quoting *Wallace*, 549 U.S. at 390); *see Heck*, 512 U.S. at 484.

[100] *See Winfrey*, 901 F.3d at 492-93 (holding plaintiff's Fourth Amendment claim "that he was wrongly arrested due to knowing or reckless misstatements and omissions in [deputy's] affidavits" for arrest warrants analogous to tort of malicious prosecution rather than false imprisonment).

[101] *Thompson v. Clark*, 596 U.S. 36, 42 (2022) ("[Plaintiff] brought a Fourth Amendment claim under § 1983 for malicious prosecution, sometimes referred to as a claim for unreasonable seizure pursuant to legal process. This Court's precedents recognize such a claim." (citing *Manuel*, 580 U.S. at 363-64; *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (plurality opinion))); *see id.* ("[Courts] have decided numerous cases involving Fourth Amendment claims under § 1983 for malicious prosecution." (citing, *inter alia*, *Winfrey*, 901 F.3d 491-93)).

[102] *Davis v. Warren*, 173 F.4th 566, 572 (5th Cir. 2026) (quoting *Armstrong v. Ashley*, 60 F.4th 262, 279 (5th Cir. 2023) (citing *Gordy v. Burns*, 294 F.3d 722, 725 (5th Cir. 2002))).

There is also an additional "threshold element of an unlawful Fourth Amendment seizure."[103]

A malicious prosecution claim challenges the existence of probable cause and thus is essentially a collateral attack on a criminal judgment's validity that runs afoul of *Heck*.[104] Plaintiff does not deny that the alleged "fabricated" charge resulted in a state court conviction for misdemeanor theft, and that he has appealed that conviction. ECF No. 18 at 1-2. Plaintiff does not allege any favorable termination, which means he fails to state a claim. Regardless, Plaintiff's malicious prosecution claims are *Heck* barred, and as such, are frivolous[105] and should be dismissed with prejudice to their being asserted again until the *Heck* conditions are met.[106]

**4. Claims Based on January 2025 Arrest**

Plaintiff also asserts false arrest and excessive force claims against Deputy Mayon based on a January 18, 2025, arrest. ECF No. 18 at 2. Plaintiff indicates that two unspecified charges were brought against him arising from this incident but contends his claims do not implicate *Heck* because the proceedings were "favorably terminated" in February 2025—"one charge dismissed, one resolved by payment." *Id.*

a. *Heck*'s Applicability

Under *Heck*, courts "must first consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."[107] State criminal law and procedure supply the necessary components of a "*Heck* triggering" conviction or proceeding.[108] In Louisiana,

---

[103] *Armstrong*, 60 F.4th at 279 (citing *Thompson*, 596 U.S. at 43 n.2).
[104] *Cormier v. Lafayette City-Par. Consol. Gov't*, 493 F. App'x 578, 583 (5th Cir. 2012) (citing *Wells v. Bonner*, 43 F.3d 90, 95 (5th Cir. 1995); and quoting *Connors v. Graves*, 538 F.3d 373, 378 (5th Cir. 2008)).
[105] *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." (citing *Boyd v. Biggers,* 31 F.3d 279, 283 (5th Cir. 1994)).
[106] *See Cook v. City of Tyler*, 974 F.3d 537, 539 (5th Cir. 2020) (per curiam).
[107] *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652 (5th Cir. 2007) (alteration in original) (quoting *Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir. 2000)).
[108] *Kleinman v. City of Cedar Park*, 162 F.4th 549, 554 (5th Cir. 2025).

a sentence is the penalty imposed by the court on a defendant upon a plea, verdict, or judgment of guilty or a plea of nolo contendre.[109] By resolution of a charge "by payment," the Court presumes Plaintiff paid a fine as his sentence for the charge. Even if Plaintiff pled guilty or nolo contendre, either plea yields a conviction under state law, implicating *Heck*.[110]

Setting aside its applicability for that conviction, the alleged dismissal of the other charge does not place Plaintiff beyond *Heck*. Even a plaintiff entering a pretrial diversion program in exchange for a conditional dismissal of a charge is not a favorable determination for *Heck* purposes because, while not a guilty plea, there is an acknowledgement of responsibility for the actions.[111] Plaintiff does not specify whether the alleged dismissal was subject to any conditions, such as a pretrial diversion program or otherwise, yet same can result in a *Heck* bar.[112]

Plaintiff's ambiguous pleading that fails to even identify the charges does not provide sufficient information to determine whether *Heck* bars the claims. To avoid a *Heck* bar, a plaintiff has two hurdles. He must show the factual basis for his conviction is "temporally and conceptually distinct" from the claim being brought.[113] Additionally, his allegations "must be consistent 'with the facts actually or necessarily adjudicated adversely to [him] in the criminal proceeding[ ]'" because a claim will still be *Heck*-barred "despite its theoretical compatibility with the underlying convictions if specific factual allegations in the complaint are necessarily inconsistent with the

---

[109] LA. CODE CRIM. PROC. arts. 552(4), 871(A).

[110] *See Johnson*, 887 F.3d at 732 ("[Plaintiff's] no-contest plea is considered a conviction under Louisiana law." (citing LA. CODE CRIM. PROC. art. 552(4)); *Connors*, 538 F.3d at 377-78 (finding § 1983 claims barred by *Heck* (citing *State v. Thornton,* 521 So. 2d 598, 600 (La. App. 1 Cir. 1988) (guilty plea is a conviction under Louisiana law))).

[111] *Morrison v. Mekdessie*, 768 F. App'x 299, 301-02 (5th Cir. 2019) (quoting *Taylor v. Gregg*, 36 F.3d 453, 455-56 (5th Cir. 1994), *overruled on other grounds by Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003) (en banc)); *see also Ray v. Recovery HealthCare Corp.*, No. 22-10303, 2022 WL 16945898, at *1 (5th Cir. Nov. 15, 2022) (discussing *Morrison* with approval).

[112] *See Morrison*, 768 F. App'x at 301-02.

[113] *Clark*, 141 F.4th at 660 (quoting *Bush*, 513 F.3d at 498).

validity of the conviction."[114] Without clarity on the two charges, the Court cannot determine whether Plaintiff clears the *Heck* hurdles.

b. False Arrest and Excessive Force

Under the Fourth Amendment, warrantless searches and seizures are *per se* unreasonable unless one of the recognized exceptions applies.[115] Arrests are "seizures" of "persons."[116] But an officer may arrest a person if there is "probable cause" that the person committed a crime in the officer's presence,[117] regardless of how minor the crime.[118] A § 1983 claim for false arrest thus requires a plaintiff to demonstrate that he was arrested without probable cause.[119] Plaintiff's conclusory allegation that Deputy Mayon "illegally detained him for [the] non-existent crime of theft" is insufficient to state a false arrest claim.[120] The claim should be dismissed with prejudice for failure to state a claim.

Plaintiff's excessive force claim is premised on his decision to move into the cold water when Deputy Mayon allegedly threatened to employ a taser, and later being denied dry clothes for over an hour. ECF No. 18 at 2. To state a Fourth Amendment excessive force claim, a plaintiff must allege that he suffered (1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable.[121] The test

[114] *Sampy v. Rabb*, 144 F.4th 796, 799 (5th Cir. 2025) (quoting *Bush*, 513 F.3d at 498 & n.14).
[115] *United States v. Thomas*, 997 F.3d 603, 609 (5th Cir. 2021) (citing *Cotropia v. Chapman*, 978 F.3d 282, 286 (5th Cir. 2020)).
[116] *District of Columbia v. Wesby*, 583 U.S. 48, 56 (2018).
[117] *Wesby*, 583 U.S. at 56.
[118] *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) ("If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender.").
[119] *Defrates v. Podany*, 789 F. App'x 427, 431 (5th Cir. 2019) ("The Fourth Amendment protects citizens from false arrests—that is, arrests unsupported by probable cause." (citing *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 204 (5th Cir. 2009))); *Arnold v. Williams*, 979 F.3d 262, 269 (5th Cir. 2020) (quoting *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004)).
[120] *See supra* text accompanying notes 12-16.
[121] *Buchanan v. Gulfport Police Dep't*, 530 F. App'x 307, 312 (5th Cir. 2013) (quoting *Ikerd v. Blair*, 101 F.3d 430, 433-34 (5th Cir. 1996)).

for reasonableness for the use of force is "not capable of precise definition or mechanical application,"[122] but is "firmly rooted in a singular perspective: that of what an officer would reasonably know, believe, and do in similar circumstances."[123] The court must assess actions from the objective view "of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight," asking "whether a reasonable officer in the same circumstances would have concluded that a threat existed justifying the particular use of force."[124]

"A constitutional violation does not occur every time an officer touches someone."[125] "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment."[126] Three factors are considered when determining whether force was excessive or unreasonable: (1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of the officers or others; and (3) whether the suspect is actively resisting arrest or attempting to evade arrest by flight.[127] "When the force used is insufficient to satisfy the legal standard necessary for recovery, the amount of force is de minimis for constitutional purposes."[128]

Thus, the extent of injury necessary to satisfy the injury requirement is directly related to the amount of force that is constitutionally permissible under the circumstances.[129] While "a *de*

---

[122] *Tuttle v. Gallegos*, No. 25-20132, 2026 WL 1861047, at *9 (5th Cir. June 29, 2026) (quoting *Trammell v. Fruge*, 868 F.3d 332, 340 (5th Cir. 2017) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989))); *see also Poole v. City of Shreveport*, 691 F.3d 624, 627-28 (5th Cir. 2012) (quoting *Graham*, 490 U.S. at 396).
[123] *Searles v. City of Houston*, No. 25-20383, 2026 WL 1982559, at *6 (5th Cir. July 9, 2026) (citing *Harmon v. City of Arlington*, 16 F.4th 1159, 1166 (5th Cir. 2021)).
[124] *Tuttle*, 2026 WL 1861047, at *9 (quoting *Graham*, 490 U.S. at 396; *Roque v. Harvel*, 993 F.3d 325, 333 (5th Cir. 2021)).
[125] *Carter v. Dupuy*, 173 F.4th 561, 564 (5th Cir. 2026) (citation modified) (quoting *Ikerd*, 101 F.3d at 434).
[126] *Id.* (quoting *Graham*, 490 U.S. at 396).
[127] *Tuttle*, 2026 WL 1861047, at *9 (quoting *Deville v. Marcantel*, 567 F.3d 156, 167 (5th Cir. 2009) (per curiam) (quoting *Graham*, 490 U.S. at 396)).
[128] *Carter*, 173 F.4th at 564 (quoting *Ikerd*, 101 F.3d at 434) (finding that 4-second grasp of plaintiff's arm, attempting to drag her a few inches through the office doorway, and briefly pushing her through the doorway constituted *de minimis* injury).
[129] *Alexander v. City of Round Rock*, 854 F.3d 298, 309 (5th Cir. 2017) (citation modified) (quoting *Brown v. Lynch*, 524 F. App'x 69, 79 (5th Cir. 2013) (quoting *Ikerd*, 101 F.3d at 434-35)).

*minimis* injury is not cognizable,"[130] "any force found to be objectively unreasonable necessarily exceeds the *de minimis* threshold, and, conversely, objectively reasonable force will result in *de minimis* injuries only."[131] Thus, the "only one inquiry required" to determine whether an officer employed excessive force in violation of the Fourth Amendment is whether plaintiff has suffered "some injury . . . resulting from an officer's unreasonably excessive force."[132]

Although "relatively insignificant injuries and purely psychological injuries" can be cognizable depending on the circumstances,[133] a plaintiff must show that he suffered at least some injury.[134] But Plaintiff does not allege any injury whatsoever. Indeed, Plaintiff does not allege that Deputy Mayon pushed, shoved or touched him at all. Rather, he alleges only that Deputy Mayon *threatened* to tase him, after which he went into the cold water and was not given dry clothes for over an hour.[135] These allegations fail to amount to excessive force in violation of the Fourth Amendment.[136] This claim should be dismissed with prejudice for failure to state a claim.

**B. <u>Sheriff Falcon</u>**

Plaintiff asserts *Monell* claims against Sheriff Falcon in his official capacity based on

---

[130] *Id.* (quoting *Brown*, 524 F. App'x at 79).

[131] *Id.* (quoting same); *see also Solis v. Serrett*, 31 F.4th 975, 981 (5th Cir. 2022) ("[a]ny force found to be objectively unreasonable necessarily exceeds the *de minimis* threshold." (quoting *Alexander*, 854 F.3d at 309).

[132] *Alexander*, 854 F.3d 298, 309 (quoting *Ikerd*, 101 F.3d at 434 n.9; *Brown*, 524 F. App'x at 79).

[133] *Id.* (quoting *Brown*, 524 F. App'x at 79); *see also Bailey v. Ramos*, 125 F.4th 667, 680 (5th Cir. 2025) (citing *Alexander*, 854 F.3d at 309).

[134] *Flores v. City of Palacios*, 381 F.3d 391, 397 (5th Cir. 2004) (quoting *Jackson v. R.E. Culbertson,* 984 F.2d 699, 700 (5th Cir. 1993)).

[135] *Cf. Juarez v. Pizana*, No. 17-368, 2018 WL 7198152, at *7 (W.D. Tex. Dec. 12, 2018) (rejecting excessive force claim based on being exposed to cold for relatively brief period (citing *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001)).

[136] *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993) (stating that threatening language does not amount to a constitutional violation); *see also Woods v. Holloway*, No. 25-1098, 2025 WL 2023789, at *3 (S.D. Tex. July 18, 2025) (rejecting excessive force claim based on psychological injuries allegedly resulting from officer's threats (citing *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983)); *Asuelime v. City of Dall. Police Dep't*, No. 23-1125, 2025 WL 96535, at *2 (N.D. Tex. Jan. 14, 2025) (adopting recommendation to dismiss excessive force claim premised verbal threat to tase plaintiff); *Collier v. City of Bossier City*, No. 05-0795, 2007 WL 734737, at *7 (W.D. La. Mar. 6, 2007) (citing Fifth Circuit precedent holding threats by police do not amount to constitutional violations).

failure to investigate/discipline[137] or intervene and the single decision to rehire Deputy Mayon. ECF No. 18 at 1. Plaintiff asserts that he filed two complaints with the Assumption Parish Sheriff's Office regarding "Deputy Mayon's pattern of intimidation, excessive force, and unlawful conduct," yet Sheriff Falcon failed to investigate/discipline or intervene, demonstrating "deliberate indifference to a custom of unconstitutional conduct." ECF No. 18 at 1. Plaintiff additionally alleges Sheriff Falcon rehired Deputy Mayon after the prior sheriff terminated the deputy, which plaintiff contends demonstrates Sheriff's Falcon's knowledge of Deputy Mayon's "propensity for misconduct and deliberate indifference to the risk posed to citizens." *Id.*

Louisiana does not distinguish between a Louisiana sheriff in his official capacity and his office, with the former being the proper party for any claim.[138] In other words, a Louisiana sheriff in his official capacity is the appropriate governmental entity for any violations allegedly committed by his office.[139] Therefore, Sheriff Falcon is the relevant governmental entity for Plaintiff's *Monell* claims, and he is the final policymaker.[140]

**1. Failure to Intervene**

A § 1983 claim based on a failure to intervene is a claim for "bystander liability."[141] To state a claim, plaintiff must plausibly allege an officer "(1) knows that a fellow officer is violating

[137] *See Piotrowski*, 237 F.3d at 581-82 (construing alleged municipal policy of "failure to investigate and discipline" as a "failure to discipline" claim); *Jones v. Martin*, No. 25-707, 2026 WL 1507704, at *3 (N.D. Tex. May 29, 2026) (treating "failure to investigate or discipline" as one claim).

[138] *See La. ex rel. Div. of Admin. v. I3 Verticals, L.L.C.*, 81 F.4th 483, 488 (5th Cir. 2023) ("[A] sheriff's office has no status independent from that of the sheriff himself. Accordingly, when a sheriff's office is listed as a defendant, Louisiana courts either dismiss claims against the sheriff's office, or they substitute the sheriff as the correct defendant." (citing *Edminston v. La. Small Bus. Dev. Ctr.*, 931 F.3d 403, 407 (5th Cir. 2019) ("Louisiana sheriffs are juridical entities that can be sued, but Louisiana sheriff's offices are not."))).

[139] *Carpenter v. Webre*, No. 17-808, 2018 WL 1453201, at *6 (E.D. La. Mar. 23, 2018) (Morgan, J.) (citing *Winfrey v. San Jacinto County*, 481 F. App'x 969, 976 (5th Cir. 2012); *Jenkins v. Jefferson Par. Sheriff's Off.*, 402 So. 2d 669, 671 (La. 1981)).

[140] *Guillot ex rel. T.A.G. v. Russell*, 59 F.4th 743, 750-51 (5th Cir. 2023) ("In Louisiana, the sheriff is the final policymaker." (citing LA. CONST. art. 5, § 27 ("[The sheriff] shall be the chief law enforcement officer in the parish."); LA. REV. STAT. § 13:5539 ("Each sheriff . . . shall preserve the peace and apprehend public offenders."); *Craig v. St. Martin Par. Sheriff*, 861 F. Supp. 1290, 1300 (W.D. La. 1994))).

[141] *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013)

an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act."[142] Bystander liability "will not attach where an officer is not present at the scene of the constitutional violation."[143]

Plaintiff's bystander liability claim against Sheriff Falcon fails because he does not allege that Sheriff Falcon was present at the scene of any alleged constitution violation. The claim should be dismissed with prejudice for failure to state a claim.

**2. Failure to Discipline**

Plaintiff rests his failure-to-discipline claim on a pattern, but a pattern "requires similarity, specificity, and sufficiently numerous prior events."[144] A vague reference to alleged "unlawful conduct" is not sufficiently specific to establish a prior event,[145] and Plaintiff has failed to plausibly allege constitutional violations by Deputy Mayon. Without an underlying constitutional violation, Plaintiff's claim fails.[146] Further, Plaintiff's referenced two events (stare and threat to tase) are not sufficiently similar or numerous to state a claim. This claim should be dismissed with prejudice for failure to state a claim.

**3. Single Decision to Rehire**

A policymaker's single decision may, under certain circumstances, constitute a policy for which a municipality may be liable.[147] In the hiring context, a plaintiff must show "(1) the hiring decision was made by a final policymaker, and (2) a 'plainly obvious consequence of the decision'

---

[142] *Id.* (citations omitted).
[143] *Id.*
[144] *Davidson*, 843 F.3d at 396 (citing *Peterson*, 588 F.3d at 850).
[145] *See Peterson*, 588 F.3d at 851
[146] *Cope v. Coleman County*, No. 23-10414, 2024 WL 3177781, at *3 (5th Cir. June 26, 2024) (quoting *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 866-67 (5th Cir. 2012) (en banc)) ("For example, in [*City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)], the Supreme Court held that a county could not be liable under § 1983 based on the actions of one of its police officers because a jury had already concluded that the police officer did not inflict any constitutional harm.").
[147] *Valle*, 613 F.3d at 542 (citation modified) (quoting *Brown*, 219 F.3d at 462).

is a constitutional violation."[148]

Plaintiff alleges Sherrif Falcon rehired Deputy Mayon, but he fails to allege facts demonstrating a strong connection between Deputy Mayon's background and the specific violation alleged such that he "was likely to inflict the particular type of injury suffered."[149] Indeed, Plaintiff does not allege what specific constitutional violation by Deputy Mayon was an obvious consequence of Sheriff Falcon's decision to rehire him. Nor has he plausibly alleged constitutional violations for any of his claims against Deputy Mayon. Even if he had, Plaintiff fails to allege that Deputy Mayon's earlier termination was for any similar misconduct.[150] He then has not alleged facts demonstrating the requisite strong connection.[151] The claim should be dismissed with prejudice for failure to state a claim.

## IV. <u>RECOMMENDATION</u>

Accordingly, for the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff William Child Shirah's First Amendment retaliation, excessive force, and unreasonable search claims against Assumption Parish Sheriff Deputy Adam Mayon and failure-to-discipline claim against Assumption Parish Sheriff Leland Falcon be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2) for being legally frivolous and/or for failure to state a claim.

**IT IS FURTHER RECOMMENDED** that Plaintiff's malicious prosecution claims against Deputy Mayon be **DISMISSED WITH PREJUDICE** to their being asserted again until

[148] *Doe v. Edgewood Indep. Sch. Dist.*, 964 F.3d 351, 366 (5th Cir. 2020) (quoting *Brown*, 520 U.S. at 411; and citing *Livezey v. City of Malakoff*, 657 F. App'x 274, 277 (5th Cir. 2016) (per curiam)).
[149] *Id.* at 366-67 (quoting *Rivera v. Bonner*, 952 F.3d 560, 565 (5th Cir. 2017) (quoting *Gros v. City of Grand Prairie*, 209 F.3d 431, 434 (5th Cir. 2000)).
[150] *See Loera v. Kingsville Indep. Sch. Dist.*, 151 F.4th 813, 819-20 (5th Cir. 2025).
[151] *See Edgewood*, 151 F.4th at 367 ("The information about Hernandez reviewed at the time of hiring simply does not show the requisite "strong connection" between an arrest in 1983 for official oppression and sexual abuse thirty years later—especially when viewed in light of existing caselaw.").

the *Heck* conditions are met pursuant to § 1915(e)(2) for being legally frivolous.

**IT IS FURTHER RECOMMENDED** that Plaintiff's false arrest claim against Deputy Mayon and bystander liability and single decision claims against Sheriff Falcon be **DISMISSED WITH PREJUDICE** pursuant to § 1915(e)(2) for failure to state a claim but with leave to amend to allow Plaintiff an opportunity to amend those claims. Additionally, should Plaintiff opt to amend his false arrest claim related to the January 18, 2025, arrest, he must clarify (1) the specific charge for which he paid a fine and (2) the specific charge dismissed and any conditions he must fulfill in exchange for that dismissal.

**IT IS FURTHER RECOMMENDED** that, in light of Plaintiff's *pro se* status, he be granted leave to file an Amended Complaint alleging facts necessary to overcome the deficiencies identified herein within 21 days of this Report and Recommendation.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[152]

New Orleans, Louisiana, this 21st day of July, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

[152] *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996). Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.