UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM CHILDS SHIRAH | CIVIL ACTION |
| VERSUS | CASE NO. 26-173 |
| LELAND FALCON, *in his official capacity*, et al. | SECTION: "N" |

**ORDER & REASONS**

Before the Court is Plaintiff William Childs Shirah's Amended Complaint,[1] filed in response to the Court's Order adopting Magistrate Judge Donna Phillips Currault's Report and Recommendation.[2] As recommended, the Court granted Shirah twenty-one days to file an amended complaint to overcome the deficiencies in his original complaint.[3] The Court further ordered that should Plaintiff opt to amend his false arrest claim related to the January 18, 2025, arrest, he must clarify (1) the specific charge for which he paid a fine and (2) the specific charge dismissed and any conditions he must fulfill in exchange for that dismissal.[4]

Shirah then filed an amended complaint in which he amplified his allegations regarding the October 11, 2025, and the January 18, 2025, incidents underlying his original complaint.[5] He did not, however, restate his prior claims or adopt or incorporate his earlier pleadings.[6] The Court therefore first considers the effect of the

[1] Rec. Doc. 23.
[2] Rec. Doc. 21.
[3] *Id.*
[4] *Id.* at 2.
[5] Rec. Doc. 23.
[6] *Id.*

amended complaint under the rules governing amended pleading. Given Shirah's *pro se* and *in forma pauperis* status, the Court also considers, in the alternative, whether the amended complaint, construed as supplementing his prior allegations, cures the deficiencies of his original complaint.

## I. **Law & Analysis**

Ordinarily, an amended complaint supersedes the original complaint and renders the earlier pleading inoperative unless the amended complaint specifically refers to and adopts or incorporates the earlier pleading by reference.[7] Shirah's amended complaint fails to do this. Instead, Shirah only provides a brief discussion of the two incidents underlying his claims. He fails to state any claim for relief or to refer to his prior claims and allegations.[8] Accordingly, Shirah fails to state a claim upon which relief may be granted.

Nevertheless, because Shirah proceeds *pro se* and in *forma* pauperis, the Court will liberally construe his amended complaint as supplementing rather than supplanting his original complaint.[9] The Court therefore considers whether Shirah's additional allegations cure the deficiencies identified by the Court.[10] Even with this favorable construction, they do not.

---

[7] *See New Orleans Ass'n of Cemetery Tour Guides & Cos. v. New Orleans Archdiocesan Cemeteries*, 56 F.4th 1026, 1033 (5th Cir. 2023) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.") (citing *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)).
[8] *See* Rec. Doc. 23.
[9] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (A document filed by a litigant *pro se* must be "liberally construed" and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (citation modified); *see also Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976) (*pro se* plaintiff's amplification of claims in response to court order considered "an integral part of th[e] complaint" rather than an additional pleading).
[10] *See* Rec. Doc. 21.

Under 28 U.S.C. § 1915(e)(2), a court "shall" dismiss a case *sua sponte* at any time if the Court determines that the action is frivolous or fails to state a claim on which relief may be granted.[11] "A claim is frivolous where it lacks an arguable basis either in law or in fact."[12] In addition, a complaint fails to state a claim upon which relief may be granted when it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[13] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14]

Shirah's amended complaint has two components. He first adds factual allegations relating to his October 11, 2025. arrest. He alleges that he lacked the intent to permanently deprive the owner of the property because he believed the device was a dead cell phone, took it home to charge it, and intended to return it to its owner.[15] Those allegations do not cure the previously identified deficiency because Shirah's claim remains barred by *Heck v. Humphrey*.[16] Shirah was convicted of misdemeanor theft, and he acknowledges that conviction has not been overturned.[17] Because Shirah's challenge to the probable cause supporting his arrest would necessarily call the validity of that conviction into question, the claim is not cognizable under *Heck*.[18]

---

[11] *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018) (citing § 1915(e)(2)(B)).
[12] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[13] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).
[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified).
[15] Rec. Doc. 23.
[16] 512 U.S. 477 (1994).
[17] Rec. Doc. 18 at 1-2; *see* Rec. Doc. 20 at 17 (discussing application of *Heck* to Shirah's claims).
[18] *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995) ("Wells's proof to establish his false arrest claim, i.e., that there was no probable cause to arrest … would demonstrate the invalidity of Wells's

Shirah alternatively asks the Court to stay his claims pending favorable termination of his state criminal proceedings pursuant to *Wallace v. Kato*.[19] A stay is unwarranted. In *Wallace*, the Supreme Court explained a district court may stay a § 1983 action when a plaintiff files suit before the related criminal proceeding has resulted in a conviction.[20] Where the plaintiff is ultimately convicted and the § 1983 action would impugn that conviction, however, "*Heck* will require dismissal."[21] That situation applies here, as Shirah's conviction remains solidly in place.[22] The Fifth Circuit has rejected staying a *Heck*-barred action while the plaintiff pursues post-conviction relief, and, indeed, *Heck* itself involved a § 1983 action filed while the plaintiff's direct appeal remained pending. [23] Because Shirah's conviction has not been overturned, dismissal—not a stay—is appropriate.

Even apart from *Heck*, Shirah's amended allegations fail to state a claim. Shirah's October 2025 false arrest and false imprisonment allegations are properly construed as asserting malicious prosecution.[24] Shirah contends Deputy Mayon falsely claimed a SIM card was removed from the phone in order to establish probable cause.[25] But Shirah still does not plausibly allege an absence of probable cause.[26]

---

conviction…. Consequently, *Heck* dictates [a] claim for false arrest is not cognizable in the absence of the invalidation of his conviction.").

[19] Rec. Doc. 18 at 2.

[20] 549 U.S. 384, 393-94 (2007).

[21] *Id.* at 394.

[22] Rec. Doc. 18 at 1-2.

[23] *Boyd v. Biggers*, 31 F.3d 279, 282-84 (5th Cir. 1994)

[24] *See* Rec. Doc. 23 ("Plaintiff alleges that the October 11, 2025 arrest was false"); *see also Cormier v. Lafayette City-Par. Consol. Gov't*, 493 F. App'x 578, 583 (5th Cir. 2012) ("False-arrest and malicious-prosecution claims—as attacks on probable cause—focus on the validity of the arrest.") (citation modified).

[25] Rec. Doc. 1 at 10-11, 14.

[26] *See Davis v. Warren*, 173 F.4th 566, 572 (5th Cir. 2026) ("[I]f the prosecution is supported by probable cause … then a malicious prosecution claim cannot move forward.") (citation modified).

Nor does Shirah's claim that he lacked the intent to permanently deprive the owner plausibly establish an absence of probable cause. Probable cause exists when, under the totality of circumstances, the facts known to the officer warrant a reasonable belief that the suspect had committed or was committing an offense.[27] Here, Shirah fails to allege facts plausibly showing that Mayon lacked probable cause to arrest him.[28] Instead, he relies on his own assertion that he intended eventually to return the property and that he lacked the specific intent to permanently deprive the owner of the property.[29] This assertion bears on Shirah's ultimate culpability, not whether Mayon knew or had reason to know of Shirah's alleged innocent intent. Therefore, it does not plausibly allege that the arrest lacked probable cause.[30]

Accordingly, Shirah's amended allegations concerning October 11, 2025, do not cure the deficiencies previously identified. His claims remain barred by *Heck* and, independently, they fail to plausibly allege a malicious prosecution claim.

The second set of allegations in Shirah's amended complaint concerns the January 18, 2025, incident. Shirah previously alleged that Deputy Mayon detained him while his boat was searched, threatened him with a taser—thereby "forcing [him] into cold water"—and subsequently denied him dry clothing for more than one hour.[31] The amended complaint now clarifies that the incident "did not result in an arrest."[32] Instead, Shirah received two Wildlife & Fisheries citations: one for fishing without a

---

[27] *Beck v. Ohio,* 379 U.S. 89, 91 (1964).
[28] Rec. Doc. 23.
[29] *Id.*
[30] *See Perkins v. Chatham*, 538 F. App'x 550, 551 (5th Cir. 2013) (a challenge to culpable mental state is a challenge to the underlying conviction).
[31] Rec. Doc. 18 at 2.
[32] Rec. Doc. 23.

license, which he paid, and another for illegally taking a game fish, which was dismissed without conditions.[33]

Shirah's amended allegations do not cure the deficiencies in his claims. With respect to defendant Sheriff Falcon, Shirah still does not allege Falcon was present at the scene of the January 18, 2025, incident, and bystander liability does not "attach where an officer is not present at the scene of the constitutional violation."[34] Moreover, Shirah does not allege any additional facts bearing on his failure-to-discipline or single-decision-to-rehire claims, or any other claims against Falcon. In short, the amended complaint does not cure the deficiencies the Court previously identified in Shirah's claims against Falcon.

Shirah's amended allegations likewise fail to cure the deficiencies in his claim against Mayon. Although Shirah now states that the January 18, 2025, incident "did not result in an arrest,"[35] the Court does not need to rely on that characterization. Even assuming the detention rose to the level of an arrest, Shirah still fails to allege facts plausibly showing that Mayon lacked probable cause. As Magistrate Judge Currault previously explained, Shirah's conclusory remark that he was "illegally detained … for [the] non-existent crime of theft"[36] is insufficient to state a false arrest claim.[37] Shirah adds no facts concerning the circumstances known to Mayon at the time of detention.

---

[33] *Id.*
[34] *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013) (citation omitted).
[35] Rec. Doc. 23.
[36] Rec. Doc. 18 at 2.
[37] Rec. Doc. 20 at 19 (citation modified).

The claim for excessive force fails too because Shirah does not allege Mayon pushed, shoved or touched him nor does he claim he was injured.[38] Rather, he alleges only that Mayon *threatened* to tase him, after which he went into the cold water and was not given dry clothes for over an hour.[39] Because the amended complaint does not cure those deficiencies, Shirah once again fails to state a claim.

## II. Conclusion

For the foregoing reasons, Shirah's amended complaint fails to cure the deficiencies previously identified and, even liberally construed as a supplemental complaint, fails to state a claim upon which relief may be granted.

Accordingly, Shirah's request to stay his claims arising from the October 11, 2025, incident is **DENIED**. His claims arising from that incident are **DISMISSED WITH PREJUDICE** to being asserted again until the *Heck* conditions are met.[40]

Shirah's false-arrest claim against Mayon from the January 18, 2025, incident is **DISMISSED WITH PREJUDICE** for failure to state a claim under 28 U.S.C. § 1915(e)(2). To the extent Shirah attempts to reassert his previously dismissed excessive-force claim against Mayon arising from that incident, that claim remains **DISMISSED WITH PREJUDICE**. Shirah's bystander-liability and single-decision-to-rehire claims against Falcon are likewise **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim. To the extent Shirah

---

[38] *See Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005) (requiring injury to sustain an excessive force claim).
[39] Rec. Doc. 18 at 2.
[40] *See Price v. City of Bossier*, 841 F. App'x 650, 654 (5th Cir. 2021).

attempts to reassert his previously dismissed failure-to-discipline claim against Falcon, that claim remains **DISMISSED WITH PREJUDICE**.

Finally, to the extent Shirah's prior pleadings asserted claims not otherwise addressed above, nothing in the amended complaint alters the Court's prior disposition of those claims. The Court previously adopted Magistrate Judge Currault's recommendation and dismissed with prejudice Shirah's First Amendment retaliation and unreasonable search claims against Mayon, among other claims for which leave to amend was not granted. Accordingly, those claims remain **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk's Office send a copy of this Order to Plaintiff, William Childs Shirah, via certified mail.

**NEW ORLEANS, LOUISIANA**, this 15th day of September, 2026.

ANNA ST. JOHN
UNITED STATES DISTRICT JUDGE